NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-220-JBC

MARCUS BOND JOHNSON PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

LFUCG and
NATIONAL GAY ALLIANCE DEFENDANTS

\* \* \* \* \*

Marcus Bond Johnson, a/k/a Marc Johnson, a non-prisoner *pro se* plaintiff, has initiated a civil action by submitting to the Clerk of the court the instant signed formal complaint form, together with a motion to proceed *in forma pauperis*. The matter is before the court for screening. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

BACKGROUND

The instant plaintiff is a frequent *pro se* filer in this court. In the month of May, 2006, alone, he filed nine (9) civil actions, all containing frivolous claims, unexplained exhibits, and motions to proceed *in forma pauperis*. The court has ordered the issuance of summons in none. Rather, upon screening, they all required *sua sponte* dismissal for failure to state a claim or to establish the court's subject matter jurisdiction or to overcome another dispositive flaw.

In orders entered in two of these cases, *Johnson v. Bunko*, Lex. 06-CV-175-JMH, and *Johnson v. Music Union*, Lex. 06-CV-176-JMH, both filed on May 31, 2006, the Chief Judge of this court recounted Johnson's history of meritless civil lawsuits in the Eastern District of Kentucky in the last three years, put him on notice that his conduct constitutes abusive litigation, and imposed

certain conditions on any future filings, the court writing as follows:

> This Court will no longer tolerate Marcus Bond Johnson's continuing abuse of the judicial process. . . [and] puts Plaintiff Johnson on notice of the following pre-conditions which he must satisfy from this day forward.
>
> If Marcus Bond Johnson wishes to bring any new civil action case after the date of entry of the instant Order, his tendered initial pleading must be accompanied by (a) a completed complaint form substantially conforming to this Court's complaint form 123; and (b) full payment of the $350.00 district court filing fee.
>
> Alternatively, if the plaintiff claims to be indigent and wishes to proceed in a new action without the prepayment of the filing fee, then he must submit the following: (a) a completed complaint form substantially conforming to this Court's complaint form 123; and (b) a completed 4-page financial affidavit form which is for non-prisoners' use and is consistent with the 4-page form which the Court has repeatedly sent to the plaintiff or with Form 4, Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis, found in the Federal Rules of Appellate Procedure Appendix of Forms; and (c) a motion for leave of Court to bring another civil action, said motion setting out his claim(s), the facts from which his claim(s) arose, and the purpose of the desired lawsuit.

*See Johnson v. Music Union*, Record No. 3 at 7-8, entered June 8, 2006. The Clerk of the court was instructed to return all filings received in violation of these directions.

Nonetheless, this month, the plaintiff has twice appeared in the Office of the Clerk and twice presented additional filings, which the Clerk has set up as new cases, *Marcus Bond Johnson v. Chain Mail*, Lex. No. 06-CV-216-JBC, filed July 6th, and *Marcus Bond Johnson v. LFUCG and National Gay Alliance*, Lex. No. 06-CV-220-JBC, filed July 11th. Both times, he has submitted a partially completed complaint form and has moved the court to proceed *in forma pauperis*, thus triggering the obligation to present "(c) a motion for leave of Court to bring another civil action, said motion setting out his claim(s), the facts from which his claim(s) arose, and the purpose of the desired lawsuit." He has not, however, presented such a motion.

DISCUSSION REGARDING INSTANT PLEADINGS

In the instant case, Plaintiff Johnson has submitted a formal complaint form, but he has failed to fully complete it. He has named as defendants the National Gay Alliance and "LFUCG," presumably the local Lexington-Fayette Urban County Government; and in that portion of the complaint form asking what federal rights were violated, he has written only "Constitutional Citizen's Rights." Johnson's pleadings have clearly not set forth the constitutional basis of the claim in a manner that gives the defendants proper notice and does not require either the defendants or this court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

As to the facts, the plaintiff has written only a list of phrases, not a single sentence. One of the phrases reads "Harrassment [sic] from mayor's office and vice mayor's office because I am not gay and refuse," and another is "Fraud and Chain Mail." This conduct by the plaintiff is particularly offensive because the court has repeatedly informed him of the need for his complaint/allegations to meet the minimal requirements of Rule 8 of the Federal Rules of Civil Procedure, lest they face dismissal pursuant to *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Because the instant plaintiff has not set forth the factual or constitutional basis for his complaint, the court is without jurisdiction to entertain his complaint. Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)). The lack of subject matter jurisdiction may be asserted by either party or by the court, *sua sponte*, at any time during the course of an action. *Sua sponte* dismissal is proper upon a district court's discovery of lack of subject matter jurisdiction, as herein. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Morrison v. Tomano*, 755 F.2d 515 (6th Cir. 1985).

Johnson has similarly complied only in form, not substance, with respect to the instant motion to proceed *in forma pauperis*. He has used the proper 4-page affidavit form intended for non-prisoners to report their income, expenses, and assets, but he has not sufficiently completed the form to provide a financial picture of his circumstances to the court. On the page of the form which requires the litigant to list all of his monthly expenses on a total of 22 topics, including rent, food, clothing, utilities, and taxes, the instant plaintiff gives no such information. His sole response has been to write "No utility bill have been sent to my residence for previous 5 years," and then draw a line through the rest of the blanks. Because he has failed to establish his indigency, the plaintiff cannot be granted pauper status. 28 U.S.C. § 1915(a).

The plaintiff has also failed to submit the third document which the court has twice ordered him to submit with any new filing, *i.e.*, " a motion for leave of Court to bring another civil action, said motion setting out his claim(s), the facts from which his claim(s) arose, and the purpose of the desired lawsuit." A *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)

Finally, the court takes judicial notice that between the filing of the instant action and today's screening, the Chief Judge of this court has issued a General Order, No. 06-09, barring the plaintiff from future *in forma pauperis* filings unless he has obtained "a certification from a United States Magistrate Judge of the Eastern District of Kentucky that the claims asserted therein are not frivolous and that the suit is not brought for any improper purpose." This court's *sua sponte* dismissal of the instant cause of action for the reasons explained above is consistent not only with the above-cited authority, but also with the court's recent General Order.

CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1)   Plaintiff's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**;

(2)   the instant action is **DISMISSED** and a contemporaneous Judgment will be entered in favor of the named defendants.

Signed on July 17, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY